IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DR. DOUG KNUEVEN,

     Plaintiff,

v.

LYSTEN, LLC, t/d/b/a
ANSWERS PET FOOD and
KEITH HILL,

     Defendants.

CASE NO.  2:23-cv-368

## COMPLAINT

AND NOW, comes the Plaintiff, Dr. Doug Knueven, by and through his undersigned counsel, John P. Corcoran, Jr., Esquire, and Jones, Gregg, Creehan & Gerace, LLP, and hereby files the within Complaint against Defendant, Lysten, LLC, t/d/b/a ANSWERS Pet Food, and Keith Hill, Individually (collectively referred to as "Defendant"), and respectfully alleges as follows:

## BACKGROUND

1.     This is an action for damages relating to Defendant's misappropriation, alteration, and unauthorized publication and use in advertising of the Image of Plaintiff to promote ANSWERS Pet Food without the Plaintiff's continuing authorization.

2.     As detailed below, Defendant's misappropriation and unauthorized use of Plaintiff's image, photo, likenesses, podcasting information, and quotations (collectively referred to herein as "Image") constitutes:  (a) Violation of §43 of the Lanham Act, 15 U.S.C. §1125(a)(1), which prohibits both false and misleading representations of fact in commercial advertising and the false and misleading use of a person's Image for commercial purposes;  (b) Violation of each of Plaintiff's common law rights to privacy as

1

it pertains to Defendant's appropriation of his likeness; (c)    Violation of Pennsylvania statutory right of publicity, 42 Pa. C.S.A. §8316; (d) Violation of the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law, 73 P.S. §201, *et seq.*; (e) Commercial defamation; and (f)  Various common law torts including, but not limited to, conversion.

3.    In addition to the actual, punitive, and exemplary damages, as well as attorney's fees requested herein set forth below, Plaintiff likewise seeks an Order from this Court permanently enjoining Defendant from using his Image and other information to promote ANSWERS Pet Food, via any medium.

### JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff's stated claims, under *inter alia,* the Lanham Act, 15 U.S.C. §1125(a)(1); and jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5.    As set forth immediately herein below, Plaintiff is and at all times relevant hereto has been a nationally known veterinarian with an exemplary reputation throughout the entire United States.

6.    According to publicly available records, Defendant, Lysten, LLC, t/d/b/a ANSWERS Pet Food, is a limited liability company formed under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 356 Maiden Creek Road, Fleetwood, PA 19522.

7.    Upon information and belief, Keith Hill is the Managing Member of Lysten, LLC, t/d/b/a ANSWERS Pet Food and maintains a residence at 356 Maiden Creek Road, Fleetwood, PA 19522.

8.      Venue is proper in the United States District Court for the Western District of Pennsylvania because Plaintiff maintains a principal place of business in the Western District of Pennsylvania and Defendant promoted ANSWERS Pet Food in the Western District of Pennsylvania.

9.      A significant portion of the alleged cause of action arose and accrued in Beaver, Pennsylvania, and the center of gravity for a significant portion of all relevant facts alleged in this Complaint are predominantly located in Beaver, Pennsylvania.

## PARTIES

10.      Plaintiff, Dr. Doug Knueven ("Plaintiff" or "Dr. Knueven"), is a nationally known veterinarian with a principal address located at 131 DeHaven Road, Beaver Falls, PA 15010, Beaver County, Commonwealth of Pennsylvania.

11.      According to publicly available records, Defendant, Lysten, LLC, t/d/b/a ANSWERS Pet Food, is a limited liability company formed under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 356 Maiden Creek Road, Fleetwood, Berks County, Pennsylvania 19522.

12.      Upon information and belief, Keith Hill is the Managing Member of Lysten, LLC, t/d/b/a ANSWERS Pet Food and maintains a residence at 356 Maiden Creek Road, Fleetwood, Berks County, Pennsylvania 19522.

## FACTUAL ALLEGATIONS

13.      As set forth herein below, Plaintiff is a nationally known veterinarian who earns his livelihood in part by promoting products by licensing his Image and information to entities for the purpose of advertising products and services.

14.     Dr. Knueven was retained as a freelance consultant and paid per a limited agreement of Five Hundred Dollars ($500.00) per month retainer for use of his Image and likeness and placement of a blog article each month on the Defendant's website.

15.     In or around May of 2021, the Plaintiff terminated his services with the Defendant.

16.     The Plaintiff on numerous occasions demanded that his Image, podcasts, blog articles, and other information be removed from the Defendant's website.

17.     Despite numerous assurances that his Image would be removed from the websites, Dr. Knueven's likenesses and information are located on the ANSWERS Pet Food website promoting pet food products including, but not limited to, various quotes from Dr. Knueven printed on the ANSWERS Pet Food merchandise and cartons.

18.     Dr. Knueven's photograph is placed on the ANSWERS Pet Food website in excess of seven (7) times promoting ANSWERS Pet Food, when Plaintiff specifically directed Defendant to remove all of that information from the website and any product promotion.

19.     Plaintiff's career in the veterinarian industry places a high degree of value on his goodwill and reputation, which is critical in order to maximize his earning potential and establish a brand as a marketer of veterinary products.  In further establishing and maintaining his brand, Plaintiff is necessarily selective concerning companies and brands which he provides marketing resources.

20.     Each of the Plaintiff's Images were misappropriated and intentionally stolen by the Defendant in order to make it appear that he currently works at, endorses, or otherwise associates or affiliates with the Defendant.

4

21.    In the case of the Plaintiff, such appearance was false.

22.    Moreover, in every case the misappropriation occurred without Plaintiff's knowledge, consent, or authorization after the Plaintiff terminated all relationships with the Defendant and never received any renumeration for Defendant's improper and illegal use of Plaintiff's Image, and Defendant's improper and illegal use of Plaintiff's Image have caused Plaintiff to suffer substantial damages.

23.    Furthermore, in certain cases, Defendant misappropriated Plaintiff's advertising ideas because the Image was misappropriated and came from Plaintiff's own social media presence and podcasting which the Plaintiff used to market himself to potential clients, and build and maintain his established position as a highly esteemed veterinarian in the United States.

24.    The fee negotiated for the prior use of the Image took into consideration at least the following factors:

(a)    The reputation, earning capacity, experience, and demand of Dr. Knueven's services as a veterinarian within the Commonwealth of Pennsylvania and beyond; and

(b)    Where and how the Image is going to be used by the Defendant (e.g. company website, social media, etc.) and the length of time of the right to use the Image will be assigned, the limited license for the use of the Image, and name, and reputation of Dr. Knueven, which was terminated in or around May, 2021, and never a "lifetime" term.

## DEFENDANT'S MISAPPROPRIATION OF PLAINTIFF'S IMAGE

25.    As detailed above, Defendant knowingly and without consent of the Plaintiff has invaded the Plaintiff's privacy by using Plaintiff's Image for commercial purposes in order to promote the Defendant's pet food line by and through various marketing and

promotional mediums including, without limitation, the Defendant's website, Twitter, Facebook, and Instagram.

26.    Defendant have showcased the Plaintiff's Image on the Defendant's social media pages to create the false impression that Plaintiff continues to endorse, promote, or sponsor same, or was otherwise associated or affiliated with same.

27.    Defendant utilized Plaintiff's Image to attract customers to its product and thereby generate revenue for Defendant.

28.    Defendant was aware that by using Plaintiff's Image, Defendant was violating Plaintiff's right to privacy, Plaintiff's right to publicity, and creating a false impression to potential customers that Plaintiff continued to work at and/or endorse the Defendant's product.

29.    The unauthorized use of Plaintiff's Image deprives him of income that was owed relating to the commercialization of the Image.

30.    In addition, Plaintiff alleges that the improper unauthorized use of his Image, for a product line that is being sued by the Food and Drug Administration may substantially injure his career.

31.    Plaintiff's Image and name is being used without his consent.

32.    The Defendant never obtained, either directly or indirectly, permission to use the Plaintiff's Image after the termination of the parties' agreement.

33.    Defendant never paid Plaintiff for the use of his Image on promotional materials and products after May, 2021.

34.     Defendant used Plaintiff's Image without his consent and continue to use his Image without his consent without providing any renumeration, in order to permanently deprive the Plaintiff of his right to use his own Image.

35.     Upon information and belief, Defendant have taken the foregoing actions with the intent to cause irreparable harm to the Plaintiff.

### FIRST CAUSE OF ACTION
### (Violation of §43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(B): False Advertising)

36.     Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

37.     The provisions of the Lanham Act, 15 U.S.C. §1125, *et seq.*, apply to Defendant, and protect Plaintiff from the conduct described herein.

38.     As set forth herein, each advertisement at issue in this action were false and misleading because Plaintiff did not agree to continued use of his Image.

39.     Given the false and misleading nature of the advertisements, they had the capacity to deceive consumers and, upon information and belief, did so deceive consumers of pet food products.

40.     Upon information and belief, said deceptive advertisements had a material effect on the purchasing decisions of consumers of pet food products.

41.     Insofar as Defendant's published these false and misleading advertisements on the internet, they had the capacity to affect interstate commerce, and, upon information and belief, did so affect interstate commerce.

42.     Despite the fact that Defendant was at all times aware that the Plaintiff never continued to endorse the Defendant's products, Defendant nevertheless used Plaintiff's

Image to mislead potential customers as to Plaintiff's employment and/or affiliation with the Defendant.

43.     Defendant knew that its use of Plaintiff's Image would cause consumer confusion as to Plaintiff's sponsorship and/or employment by the Defendant.

44.     Upon information and belief, Defendant use of Plaintiff's Image did in fact cause consumer confusion as to Plaintiff's employment and/or endorsement of the products and services provided by the Defendant.

45.     Due to the Defendant's unauthorized use of Plaintiff's Image in order to create a false advertisement prohibited by Section 43 of the Lanham Act, Plaintiff has been damaged in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

## SECOND CAUSE OF ACTION
**(Violation of §43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A): False Association)**

46.     Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

47.     The provisions of the Lanham Act, 15 U.S.C. §1125, *et seq.*, apply to Defendant, and protect Plaintiff from the conduct described herein.

48.     Defendant used Plaintiff's Image in order, *inter alia*, to create the false impression with the public that Plaintiff continued to be affiliated, connected, or associated with the Defendant, or worked at, sponsored, or approved of Defendant's products or commercial activities.

49.     This was done to promote and attract customers to Defendant's website, and thereby generate revenue for the Defendant.

50.     Thus, this was done in furtherance of Defendant's commercial benefit.

51.     Despite the fact that Defendant was at all times aware that the Plaintiff was neither affiliated, connected or associated with Defendant, nor worked at, sponsored, or approved of Defendant's goods, services or commercial activities, Defendant nevertheless used Plaintiff's Image in order to mislead potential customers as to Plaintiff's employment at and/or affiliation with Defendant and endorsement of its products.

52.     Defendant knew that its use of Plaintiff's Image would cause consumer confusion as to Plaintiff's sponsorship, affiliation, connection, association and/or employment by the Defendant and/or endorsement of its products.

53.     Upon information and belief, Defendant's use of Plaintiff's Image did in fact cause consumer confusion as to Plaintiff's endorsement of the Defendant, and the goods and services provided by the Defendant.

54.     Due to Defendant's unauthorized use of Plaintiff's Image in order to create a false endorsement prohibited by Section 43 of the Lanham Act, Plaintiff has been damages in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

### THIRD CAUSE OF ACTION
### (Right of Privacy)

55.     Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

56.     As set forth herein, Defendant has violated Plaintiff's common law right to privacy under Pennsylvania law.

57.     Defendant has done so by appropriating Plaintiff's likeness for commercial purposes without authority or consent.

58.    Defendant invaded and violated Plaintiff's privacy and misappropriated his likeness by publishing his Image on Defendant's website or related social media accounts as part of Defendant's advertising campaign for its pet food products.

59.    At all relevant times, the Defendant's website and social media accounts were used and operated by Defendant for advertising and trade purposes.

60.    Plaintiff is informed and believes and herein alleges that the manner in which Defendant posted and publicized his Image and likeness resulted in his Image and likeness being posted on social media threads.

61.    Plaintiff is further informed and believes and herein alleges that discovery will prove that Defendant's republicized Plaintiff's Image and likeness on various occasions, via different mediums, after the initial date of the posting of his Image and likeness and though the filing of this Complaint, after Plaintiff terminated authorization to use the Image.

62.    Plaintiff is informed and believes and herein alleges that Defendant's republication of Plaintiff's Image and likeness was altered as to reach a new audience and/or promote diverse products.

63.    Upon information and belief, Defendant use of Plaintiff's Image did in fact attract clientele and generate business for Defendant's pet food products.

64.    At no point did any Defendant ever receive continuing permission or consent to use Plaintiff's Image on its website or social media account.

65.    Defendant was at all relevant times aware that it never received Plaintiff's continuing permission or consent to use his Image on any website or social media account, or on any other medium, in order to promote Defendant's products.

66.    At no point did Defendant ever compensate Plaintiff for its continued use of his Image.

67.    No applicable privilege or authorization exists for Defendant's use of Plaintiff's Image.

## FOURTH CAUSE OF ACTION
### (Right of Publicity, Unauthorized Use of Name or Likeness: 42 Pa. Const. Stat. §8316)

68.    Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

69.    As set forth herein, the Plaintiff has and had at the time of Defendant's misappropriation a commercial interest in his Image, photo, persona, blog information, quotation, and likeness (hereinafter collectively referred to as "Image").

70.    Said commercial interest was developed by the Plaintiff through his investment of time, effort and money in his career, Image, persona and likeness, as a well-known and nationally recognized veterinarian.

71.    As set forth herein, Defendant used Plaintiff's Image and likeness for commercial purposes by using same in Defendant's advertising.

72.    Defendant did so without Plaintiff's consent, written or otherwise.

73.    Plaintiff is further informed and believes and herein alleges that discovery will prove that Defendant's republicized Plaintiff's Image and likeness on various occasions, via different mediums, after the initial date of the posting of his Image and likeness and through the filing of this Complaint.

74.    Plaintiff is informed and believes and herein alleges that Defendant's republication of Plaintiff's Image and likeness was altered so as to reach a new audience and/or promote a different product lines of pet food.

75.    Defendant was at all relevant times aware that it never received Plaintiff's continuing permission or consent to use his Image on any website or social media account, or on any other medium, in order to promote Defendant's product lines.

76.    At no point did Defendant ever compensate Plaintiff for its continuing use of his Image.

77.    No applicable privilege or authorization exists for Defendant's use of Plaintiff's Image.

**FIFTH CAUSE OF ACTION**
**(Common Law Right of Publicity)**

78.    Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

79.    As set forth herein, Plaintiff has and had at the time of Defendant's misappropriation a commercial interest in his Image, photo, persona and likeness.

80.    Said commercial interest was developed by Plaintiff through his investment of time, effort and money in his career, Image, persona and likeness.

81.    As set forth herein, Defendant's continuously used Plaintiff's Image and likeness for commercial purposes by using same in Defendant's advertising.

82.    Defendant did so without Plaintiff's continuing consent, written or otherwise.

83.    Plaintiff is further informed and believes and herein alleges that discovery will prove that Defendant republicized Plaintiff's Image and likeness on various occasions,

via different mediums, after the initial date of the posting of his Image and likeness through the filing of this Complaint.

84.    Plaintiff is informed and believes and herein alleges that Defendant's republication of Plaintiff's Image and likeness was altered so as to reach a new audience and/or promote a different product lines of pet food.

85.    Defendant was at all relevant times aware that it never received Plaintiff's continuing permission or consent to use his Image on any website or social media account, or on any other medium, in order to promote Defendant.

86.    At no point did Defendant ever compensate Plaintiff for the continued use of his Image.   No applicable privilege or authorization exists for Defendant's use of Plaintiff's Image.

### SIXTH CAUSE OF ACTION
### (Pennsylvania's Unfair Trade Practices Act and Consumer Protection Law ("UTPCPL"), 73 P.S. §201-1-201-9.2)

87.    Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

88.    Defendant's operated the ANSWER Pet Food website and social media account in order to promote ANSWERS Pet Food, to attract clientele thereto, and to thereby generate revenue for Defendant.

89.    As such, Defendant's operation of the website and social media accounts, and its publication of Image therein, was a consumer-oriented in nature and occurred in the trade and commerce within the Commonwealth of Pennsylvania.

90.    Defendant published Plaintiff's Image on the ANSWERS Pet Food website and social media accounts in order to create the false impression that Plaintiff endorsed Defendant or was otherwise affiliated, associated, or connected to Defendant.

91.    As such, Defendant's intent in publishing Plaintiff's Image was to mislead the public as to Plaintiff's employment at and/or affiliation with Defendant.

92.    Such conduct constitutes unfair and deceptive acts and practices, and unfair competition under Pennsylvania law.

93.    Defendant's advertising practices offends the public policy of Pennsylvania insofar as it constitutes misappropriation of Plaintiff's property rights in his own Image, and invasion of Plaintiff's privacy, for Defendant's commercial benefit.

94.    Defendant's advertising practices are immoral, unethical, oppressive and unscrupulous insofar as it sought to confuse the public for its own commercial benefit by implying that Plaintiff endorsed the Defendant's pet food products.

95.    Defendant's advertising practices cause substantial injury to consumers by creating the false impression that Plaintiff endorsed, or is otherwise affiliated with ANSWERS Pet Food.

96.    There are no benefits to Defendant's advertising practices as set forth herein except a benefit to Defendant's own commercial interests.

97.    As a result of Defendant's unauthorized and misleading publication of Plaintiff's Image on its website and social media accounts, Plaintiff's reputation was injured, and Plaintiff's ability to market himself as a nationally known veterinarian was injured.

98.    As a result of Defendant's unauthorized and misleading use of Plaintiff's Image, Plaintiff has suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

99.    As required by Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §201-1-201-92), Plaintiff has transmitted a copy of this Complaint to the Office of the Attorney General of the Commonwealth of Pennsylvania.

### SEVENTH CAUSE OF ACTION
**(Commercial Defamation)**

100.    Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

101.    As detailed throughout this Complaint, Defendant has published altered Image of Plaintiff in order to promote its product to the general public and potential clientele.

102.    Defendant's continuing publication of said Image constitutes a representation that Plaintiff was either employed by Defendant, that he endorsed Defendant, or that he had some affiliation with Defendant.

103.    None of these representations were true.

104.    In publishing Plaintiff's Image, it was Defendant's intention to create a false impression to the general public that Plaintiff endorsed Defendant.

105.    Defendant was at least negligent in publishing Plaintiff's Image because it knew, or should have known, that Plaintiff was not employed by Defendant, had no affiliation with Defendant, had not consented to the continued use of his Image, and had not been compensated for the use of his Image.

15

106.    In the alternative, Defendant published the Image of Plaintiff with actual malice because it knew that Plaintiff was not employed by Defendant, had no affiliation with Defendant, had not consented to the use of his Image, and had not been compensated for the use of his Image.

107.    Despite Defendant's knowledge and awareness of these facts, it nevertheless made the decision to publish Plaintiff's Image to attract customers to buy pet foods and generate revenue for itself.

108.    Defendant's publication of Plaintiff's Image constitutes defamation under Pennsylvania law because said publication falsely accuses Plaintiff of having acted in a manner – *i.e.* endorsing a pet food that is under investigation by the Food and Drug Administration – which would subject Plaintiff to hatred, shame, contempt, ridicule, aversion, ostracism, degradation, or disgrace, and/or could induce an evil opinion of Plaintiff in the minds of right-thinking persons, and/or could deprive Plaintiff of confidence and friendly intercourse in society.

109.    Defendant's publication of Plaintiff's Image, likewise constitutes defamation *per se* under Pennsylvania law because said publications would tend to injure Plaintiff in his trade, business, and profession as a nationally known veterinarian.

110.    This is because any company or brand that seek to hire the Plaintiff in the future as a nationally known veterinarian would be less likely to do so upon learning that he was supporting Defendant's product line that is under investigation by Federal Government regulators.

111.    Defendant's publication of Plaintiff's Image caused Plaintiff to suffer damages in an amount to be determined at trial and is likewise entitled to punitive and exemplary damages.

### EIGHTH CAUSE OF ACTION
### (Negligence and *Respondeat Superior*)

112.    Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

113.    Plaintiff is further informed and believes and herein alleges that Defendant maintained or should have maintained employee policies and procedures which govern the use of intellectual property, publicity rights, and/or the Image and likeness of individuals for promotional and advertising purposes which specifically prevent the *unauthorized and non-consensual* use of intellectual property, publicity rights and/or the Image and likeness of individuals for promotional and advertising purposes.

114.    Further, Defendant should have maintained, or failed to maintain, policies and procedures to ensure that its promotional and/or advertising materials and campaigns were not deceptive or misleading in its advertising practices.

115.    Defendant owed a duty of care to Plaintiff to ensure that its advertising and promotional materials and practices did not infringe on his property and publicity rights.

116.    Defendant further owed a duty of care to consumers at large to ensure that its promotional and/or advertising materials and campaigns were not deceptive or misleading in its advertising practices.

117.    Defendant breached its duty of care to both Plaintiff and consumers by failing to either adhere to or implement policies and procedures to ensure that the use of intellectual property, publicity rights, and/or the Image and likeness of individuals for

promotional and advertising purposes were not authorized, non-consensual, or false and deceptive.

118.    Defendant further failed to enforce or implement the above-stated policies and/or to communicate them to the employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Pennsylvania law, were not violated. Defendant breached its duty of care to Plaintiff and consumers by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

119.    Defendant's breach was the proximate cause of the harm Plaintiff suffered when his Image was published without his consent, authorization, and done so in a false, misleading and/or deceptive manner.

120.    As a result of Defendant's negligence, Plaintiff has suffered damages in an amount to be determined at trial.

### NINTH CAUSE OF ACTION
#### (Conversion)

121.    Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

122.    Plaintiff at all relevant times was, the exclusive owner of all right, title and interest in his Image, and have property interest therein.

123.    By the conduct detailed above, Defendant converted Plaintiff's property rights in his Image for its own use and financial gain.

124.    As a result of Defendant's unlawful conversion of Plaintiff's Image, and publication of same, Plaintiff has suffered damages in an amount to be determined at trial.

## TENTH CAUSE OF ACTION
### (Unjust Enrichment)

125.  Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

126.  As set forth in detail above, Defendant published Plaintiff's Image in order to promote Defendant to the general public and potential customers for pet food.

127.  Defendant's publication was for the purpose of creating a false impression to the general public that Plaintiff endorsed Defendant and its product line of pet foods.

128.  Defendant's purpose in publishing Plaintiff's Image was to benefit commercially due to its purported association with, employment of, and/or endorsement by Plaintiff.

129.  Upon information and belief, Defendant did in fact benefit commercially due to its unauthorized use of Plaintiff's Image.

130.  Defendant has been enriched by its unauthorized control over, and publication of, Plaintiff's Image because said publication has assisted Defendant in attracting customers to its product lines.

131.  Plaintiff has not been compensated for Defendant's commercial exploitation of his Image, and thus any financial benefit which Defendant received due to said exploitation is unjust.

132.  As such, Plaintiff has been damaged in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION
### (Quantum Meruit)

133.  Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

134.    Plaintiff earns his living in part by appearing in, *inter alia*, commercials, advertisements, and publications on behalf of companies and brands.

135.    Companies and brands that chose to hire Plaintiff compensate him for his appearances.

136.    Although Defendant has availed itself of the benefit of being associated with Plaintiff, and making it appear to potential customers that Plaintiff either works for the Defendant, endorse the Defendant, or are otherwise affiliated with its product line of pet food, Defendant has not compensated Plaintiff.

137.    Plaintiff is therefore entitled to reasonable compensation for Defendant's unauthorized use of his Image.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests Judgment in his favor and against Defendant as follows:

(a)    For actual damages, in an amount to be determined at trial, relating to Plaintiff's First through Eleventh causes of action;

(b)    For an order permanently enjoining Defendant from using Plaintiff's Image to promote its product line;

(c)    For punitive and/or treble damages, in an amount to be determined at trial, pursuant to the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law.;

(d)    For all costs and attorney's fees incurred by Plaintiff in the prosecution of this action pursuant to the Lanham Act, 15 U.S.C. §1117; and

(e)     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JONES, GREGG, CREEHAN & GERACE, LLP

Dated:  March 6, 2023

By:   /s/ John P. Corcoran, Jr., Esquire
John P. Corcoran, Jr., Esquire
Pa. Id. No. 74906
20 Stanwix Street
Suite 1100
Pittsburgh, PA 15222
(412) 261-6400
Fax:  (412) 261-2652
jpc@jgcg.com

Attorney for Plaintiff