IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. DOUG KNUEVEN, *Plaintiff*, v. LYSTEN, LLC *trading and doing business as* ANSWERS PET FOOD *and* KEITH HILL, *Defendants*. | Civil Action No. 2:23-cv-368<br><br>Hon. William S. Stickman IV<br>Hon. Lisa Pupo Lenihan |

## MEMORANDUM ORDER OF COURT

Plaintiff Dr. Doug Knueven ("Knueven") brought this lawsuit largely premised on misappropriation of his alleged images, quotes, and "advertising ideas" to "promote the Defendant's pet food line by and through various marketing and promotional mediums, including [its] website, Twitter, Facebook and Instagram." (ECF No. 11, p. 6). Defendants moved to dismiss arguing in part that venue in the Western District of Pennsylvania is improper under the general venue statute, 28 U.S.C. § 1391(b). (ECF Nos. 24 and 25). After Knueven filed a response (ECF No. 29), Magistrate Judge Lisa Pupo Lenihan issued a Report and Recommendation on October 17, 2023, recommending transfer of the case instead of involuntary dismissal for reasons of economic and judicial/litigation efficiency. (ECF No. 33). She recommended that Defendants' motions (ECF Nos. 24 and 25) be denied, and that Knueven be afforded twenty days to voluntarily dismiss this action. Absent voluntarily dismissal, Magistrate Judge Lenihan recommended that the Court *sua sponte* transfer the case to the United States District Court for the Eastern District of Pennsylvania, in which venue properly lies, in accordance with 28 U.S.C. § 1406(a). (ECF No. 33). The parties were given until October 31,

1

2023, to file objections to the Report and Recommendation. (*Id.*). No objections were filed and on November 14, 2023, the Court adopted Magistrate Judge Lenihan's Report and Recommendation as its Opinion. (ECF No. 34). Knueven was given twenty days to voluntarily dismiss this action. (*Id.*). Absent voluntarily dismissal, the Court informed Knueven that it would transfer the case to the United States District Court for the Eastern District of Pennsylvania. (*Id.*).

The propriety of venue is generally governed by 28 U.S.C. § 1391(b), which provides that a civil action may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). None of these subsections allow for this lawsuit to continue in the Western District.

Pursuant to § 1391(b)(1), venue in this case is improper in the Western District because neither of the named Defendants "reside" here. The Court concurs with Magistrate Judge Lenihan that venue is improper in the Western District pursuant to § 1391(b)(2) because none of the events giving rise to the claim occurred within this district. (*See* ECF No. 33, pp. 6-9). Finally, pursuant to § 1391(b)(3), venue is improper in the Western District because there is another forum in which the action may be brought–the Eastern District. The only connection this lawsuit has with the Western District is Knueven's mistaken belief that venue is proper. This error is best remedied by the Court *sua sponte* immediately transferring the case to the proper venue. *See* 28 U.S.C. §§ 1391(b) & 1406(a); *Lafferty v. St. Riel*, 495 F.3d 72, 74-75 & n.3 (3d

Cir. 2007) (declining to disturb district court's *sua sponte* transfer under § 1406(a)); *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may *sua sponte* transfer case under § 1406(a)).

Under 28 U.S.C. § 1406(a): "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A district court has broad discretion in deciding whether to transfer a case and should do so when it is in the interest of justice. *Decker*, 165 F. App'x at 954 n. 3 (citation omitted). The Court holds that venue is proper in the Eastern District. The interests of justice dictate that the Court should transfer this case to the Eastern District rather than grant a dismissal. There are no policy impediments to transferring this case to the Eastern District. Transfer will save the time and expense associated with initiating a new lawsuit and it will promote judicial economy.[1]

AND NOW, this 15th day of December 2023, IT IS HEREBY ORDERED that the Clerk of Court TRANSFER this matter to the United States District Court for the Eastern District of Pennsylvania forthwith. This case is hereby CLOSED in the United States District Court for the Western District of Pennsylvania.

BY THE COURT:

s/   William S. Stickman IV
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[1] The Court has also considered the transfer of venue under 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." Having considered all the factors governing venue under this statute, *see, e.g., Calkins v. Dollarland, Inc.*, 117 F. Supp. 2d 421, 428 (D.N.J. 2000) (setting forth the factors to consider for transferring venue in the context of 28 U.S.C. § 1404), it too warrants a transfer in the interests of justice.